## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

JAMES E. TOMLINSON and
DARLENE TOMLINSON,
his wife,

         Plaintiffs,

v.

WILLIAM J. LANDERS,

         Defendant.

_____

CASE NO. 3:07-cv-1180-J-TEM

## O R D E R

This matter is before the Court on Defendant's motion to amend his answer and affirmative defenses to specify the Florida Department of Transportation and Clay County, Florida, as *Fabre* defendants (Doc. #38), Defendant's Motion for Enlargement of Time to Disclose Expert Witnesses (Doc. #44), Defendant's Motion for Continuance of Trial (Doc. #58), Plaintiffs' Motion to Strike Defense Rule 26(a)(2)(B) Expert Witness Disclosure (Doc. #48), and the parties' respective responses in opposition to the aforementioned motions (Docs. #43, #45, #50, #61). A motion hearing was held on May 7, 2009 (Doc. #63, Minutes).[1]

The determinative factor with respect to the aforementioned pending motions is whether the Court finds good cause/excusable neglect for Defendant's delay in moving to amend his answer and affirmative defenses to specify the Florida Department of

---

[1]The non-transcribed recording of the hearing is hereby incorporated by reference. The parties may contact the Courtroom Deputy of the undersigned if a transcript of the hearing is desired. In addition, at the hearing it was resolved that Defendant's Motion to Strike Affidavit and Testimony of Jason Lazarus, Esq. (Doc. #51) is moot. Moreover, the Court finds Defendant's Motion for Telephonic Appearance at Mediation (Doc. #34) is moot since said mediation conference has already occurred (*see* Doc. #49, Mediation Report).

Transportation and Clay County, Florida, as *Fabre* defendants. After careful consideration of the parties' arguments at the hearing and the parties' respective filings, the Court has determined Defendant has shown good cause/excusable neglect for the delay in moving to amend his answer and affirmative defenses to specify the aforementioned *Fabre* defendants.

Specifically, due to the fact neither party has been able to recall the events that led up to the vehicular accident that is the subject of this litigation, counsel for Defendant was apparently unable to determine the exact route Defendant took on the night of the accident until February 25, 2009 (*see* Doc. #44 at 1-2).[2] This is significant because, as counsel for Defendant maintains, it was only upon learning of the exact route his client took prior to the accident that he was able to conduct further investigation and determine the Florida Department of Transportation and Clay County, Florida, may have contributed to the cause of the accident by not providing appropriate road signage at the intersection where Defendant turned onto the roadway in question (Doc. #44 at 2).

Rule 15(a) of the Federal Rules of Civil Procedure states that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15; *Foman v. Davis*, 371 U.S. 178, 182 (1962). In the language of the *Foman* Court,

> In the absence of any apparent or declared reason–such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.– the leave sought should, as the rules require, be 'freely given.'

---

[2]Defendant's son was deposed on February 25, 2009, at which he described the route he believed his father most likely took on the night of the accident (Doc. #44 at 2). In addition, said route was confirmed the following day, February 26, 2009, by the testimony of Deputy Sheriff, Stanley Fryer, who witnessed the accident and the events leading up to the accident (Doc. #45-2).

2

*Foman*, 371 U.S. at 182.

Based upon the oral argument presented during the hearing, it appears information pertinent to Defendant's newly raised factual allegations was obtained only recently; therefore, the Court finds Defendant's motion to amend (Doc. #38) not to be in bad faith, for purposes of delay, or for any suspect reason stated above.

Plaintiffs aver they would be prejudiced if the Court were to permit Defendant's requested amendment(s) (Doc. #43). If the pending deadlines were to remain in place in the instant case, the Court would be concerned that Plaintiffs might be prejudiced by an amended answer and affirmative defenses at this stage of the litigation. The Court, however, has determined that justice requires a brief continuance of the trial and an enlargement of time to the deadlines set forth in Third Amended Case Management and Scheduling Order (Doc. #42). Consequently, the Court will enter a Fourth Amended Case Management and Scheduling Order, as set forth below.

Accordingly, it is hereby **ORDERED**:

1. Defendant's motion to amend his answer and affirmative defenses to the extent it specifies the Florida Department of Transportation and Clay County, Florida, as *Fabre* defendants (Doc. #38) is **GRANTED**.

2. Defendant shall have until **Friday, May 29, 2008, within which to file an amended answer and affirmative defenses** for the limited purpose of specifying the Florida Department of Transportation and Clay County, Florida, as *Fabre* defendants;

3. Defendant's Motion for Enlargement of Time to Disclose Expert Witnesses

(Doc. #44) is **GRANTED**. *Fabre* defense expert witness, D. Rowland Lamb, P.E., shall be deemed timely disclosed.

4. Plaintiffs' Motion to Strike Defense Rule 26(a)(2)(B) Expert Witness Disclosure (Doc. #48) is **DENIED**.

5. Defendant's Motion to Strike Affidavit and Testimony of Jason Lazarus, Esq. (Doc. #51) is **DEEMED MOOT**.

6. Defendant's Motion for Telephonic Appearance at Mediation (Doc. #34) is **DEEMED MOOT**.

7. Defendant's Motion for Continuance of Trial (Doc. #58) is **GRANTED**.

8. The following **Fourth Amended Case Management and Scheduling Order** shall govern the remaining litigation:

    (a) Defendant shall produce to Plaintiffs all documents related to the newly asserted *Fabre* defense by **May 27, 2009**;

    (b) Defendant shall make his *Fabre* defense expert witness available for deposition on or before **June 3, 2009**;

    (c) Plaintiffs shall list their *Fabre* rebuttal expert witness and submit a Rule 26 report by **June 24, 2009**;

    (d) Plaintiffs shall make their *Fabre* rebuttal expert witness available for deposition on or before **July 1, 2009**;

    (e) Discovery, as it relates to the newly asserted *Fabre* defense, shall end **July 7, 2009**;

    (f) Any dispositive motions, as they relate to the Defendant's newly

asserted *Fabre* defense, shall be filed by **July 7, 2009**;

(g) Pretrial stipulation, witness lists, and exhibit lists must be filed by **July 8, 2009**;

(h) **The <u>telephonic final pretrial conference</u>** shall be held on **July 10, 2009 at 9:30 a.m.** Said conference call shall be **initiated by counsel for Defendant**, **who shall make appropriate arrangements to have counsel for Plaintiffs on the conference call** prior to calling the Court's conference call number **(904) 301-6815**;

(i) The **<u>Jury Trial</u>** shall begin on **July 27, 2009**.

**DONE AND ORDERED** at Jacksonville, Florida this 22nd day of May, 2009.

Copies to all counsel of record

*Thomas E. Morris*
**THOMAS E. MORRIS**
United States Magistrate Judge

5