UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NUMBER: 3:07-cv-1180-J-TEM

JAMES E. TOMLINSON and DARLENE
TOMLINSON, his wife,

    Plaintiffs,

vs.

WILLIAM J. LANDERS,

    Defendant.

_____/

**DEFENDANT WILLIAM J. LANDERS' MEMORANDUM IN OPPOSITION TO PLAINTIFFS' FIRST MOTION IN LIMINE AND MEMORANDUM OF LAW**

Defendant William J. Landers, by and through undersigned counsel, pursuant to Rule 3.01, Local Rules of the Middle District of Florida, and files this Memorandum of Law in Opposition to Plaintiffs' First Motion in Limine and Memorandum of Law and states:

On July 6, 2009, Plaintiffs James and Darlene Tomlinson filed their First Motion in Limine alleging five (5) topics that Defendant should be precluded from mentioning in voir dire, opening or closing statements and/or introducing into evidence or referring to in any way at the time of trial. Each of Plaintiffs' requests for exclusion and Defendant's responses thereto are addressed in turn below:

    1.    **Defendant's Fabre expert, Rowland Lamb, should be precluded from testifying that WRONG WAY, DIVIDED HIGHWAY and YIELD and ONE-WAY signs should have been placed at the scene of the accident since Mr. Lamb's expert reports and deposition do not render the opinion that the failure to have these signs in the location where the accident occurred was a breach of the standard of care.**

In their Motion in Limine, Plaintiffs contend that any testimony of Rowland Lamb, P.E.., the defendant's accident reconstruction/signage expert, to the effect that WRONG WAY, DIVIDED HIGHWAY, YIELD and ONE-WAY signs should have been present at the scene of the accident should be precluded since Mr. Lamb has not rendered an opinion that failure to have these signs in place was a breach of the standard of care.

In coming to the opinion that WRONG WAY, DIVIDED HIGHWAY, YIELD and ONE-WAY signs should have been present at the scene of the accident, Mr. Lamb relies on the Manual of Uniform Traffic Control Devices ("MUTCD"). The MUTCD and the standards set forth therein are the minimum standards required. However, nothing prevents a state, county or other regulatory agency charged with the responsibility of traffic control from imposing higher standards or additional requirements to ensure the safety of the motorist public. See *Palm Beach County Board of County Commissioners v. Salas*, 511 So.2d 544 (Fla. 1987), disproving *City of Jacksonville v. DeRay*, 418 So.2d 1035 (Fla. 1st DCA 1982) (if the County needed to exceed the minimal safety precautions contained within the mandatory provisions of the MUTCD in order to adequately safeguard the public, then it had the obligation to do so.) See also *Norfolk Southern Ry. Co. v. Shanklin*, 529 U.S. 344, 120 S.Ct. 1467 (2000) (it should be noted that nothing prevents a State from revisiting the adequacies of devices installed using federal funds. States are free to install more protective devices…with their own funds or with additional funding from the FHWA.)

Assuming arguendo that Mr. Lamb did not render an opinion that failure to have WRONG WAY, DIVIDED HIGHWAY, YIELD and ONE-WAY signs present at the scene of the accident was a breach of the standard of care, Mr. Lamb should not be precluded from testifying that WRONG WAY, DIVIDED HIGHWAY and YIELD and ONE-WAY signs should have been

placed at the scene of the accident since an expert may offer testimony regarding additional precautions that could have and should have been taken to ensure the safety of the motorist public. See *Palm Beach County Board of County Commissioners v. Salas*, 511 So.2d 544 (Fla. 1987), disproving *City of Jacksonville v. DeRay*, 418 So.2d 1035 (Fla. 1st DCA 1982) (trial court erred in excluding expert testimony regarding the minimum standard of care established by the MUTCD since the county should not have been allowed to follow blindly only the mandatory provisions of the MUTCD and to ignore any other precautions necessary to protect the safety of motorists.) Again, while Mr. Lamb may not have used the "buzz words" "breach of the standard of care", Mr. Lamb's testimony regarding the use of WRONG WAY, DIVIDED HIGHWAY, YIELD and ONE WAY signs shows the additional precautions that could have and should have been taken by FDOT and/or Clay County to protect motorists. Regardless of the minimum standards set by the MUTCD and FDOT and/or Clay County's adherence to same, Defendant is entitled to present testimony, in the form of opinions from its expert D. Rowland Lamb, that these signs should have been placed in the area of the subject accident in order to prevent motorist confusion and protect motorists from harm. See *Thompson v. Gallo*, 680 So.2d 441 (Fla. 1 DCA 1996) (accident reconstruction expert properly opined that defendants could have and should have taken action in the exercise of due care to alleviate the confusion caused by lack of clear signing, including for example, the placement of fixed two-sided signs on either side of the north driveway saying exit only and similar signs on either side of the south driveway saying enter only.)

Although the subheading states "Defendant's Fabre expert, Rowland Lamb, should be precluded from testifying that WRONG WAY, DIVIDED HIGHWAY and YIELD and ONE-WAY signs should have been placed at the scene of the accident since Mr. Lamb's expert reports

and deposition do not render the opinion that the failure to have these signs in the location where the accident occurred was a breach of the standard of care", this portion of Plaintiffs' First Motion in Limine also includes arguments that Mr. Lamb does not know what signs FDOT designed to be at the intersection and does not know what signs were there on the date of the accident. In support of this proposition, Plaintiffs rely on deposition testimony from Mr. Lamb wherein Mr. Lamb stated … "I believe that the signs that were there on the day of my inspection are the same ones and there were no other ones there at the time of the accident, but I don't know that. I have no proof at this point **other than the maintenance records** that certainly show there were none ever repaired or replaced so I have to believe that there weren't." At the time of his deposition, Mr. Lamb admitted that he had not seen design plans for the area where the subject accident occurred. However, since the date of his deposition, Mr. Lamb has reviewed "as built plans" showing that such signs were not placed in the area where the accident occurred.

In the present case, Defendant must prove that the signs required or suggested by the MUTCD were **not** present at the time of the accident. Defendant's need to prove the non-existence of the appropriate signage is done through the production and comparison of design plans, showing that FDOT specifically planned for and required that these signs be posted, with the "as-built plans" showing that none of these signs were ever posted in the area where the subject accident occurred. Furthermore, an examination of FDOT maintenance records shows that these signs were never put up or replaced.

Accordingly, Plaintiffs contention that Mr. Lamb cannot definitively state what signs FDOT designed to be at the intersection and what signs were there on the date of the accident is incorrect. Through a thorough review of documents such as the "as built" plans and FDOT

maintenance records showing the **absence** of such signs, Mr. Lamb is able to conclude that none of the suggested signs were present on the date of the accident.

2.  **The Court should exclude Mr. Lamb's opinion that it was foreseeable that Defendant Landers would proceed north into the southbound lanes of S.R. 21**

Plaintiffs allege that since Rowland Lamb has no knowledge of what Mr. Landers was thinking at the time of the subject accident and since Mr. Lamb is unable to testify as to what signs were present at the time of the accident or even designed or installed by either Fabre defendant, Mr. Lamb's opinion that "it is reasonably foreseeable that a motorist such as Mr. Landers, turning left from Alligator Boulevard onto Blanding Boulevard at night would enter the southbound lanes without knowledge of their mistake" is pure speculation and should be excluded.

Mr. Lamb's opinion regarding the foreseeability of a motorist traveling in the wrong direction in the southbound lanes of State Road 21, without knowledge of their mistake is not specific to Mr. Landers but instead encompasses all motorists turning left from Alligator Boulevard onto Blanding Boulevard (State Road 21) at night. Mr. Lamb states in his report that this opinion is based on his examination of the Florida Traffic Crash Report, photographs of the intersection of Alligator Boulevard and Blanding Boulevard, MUTCD, United States Naval Observatory, Astronomical Applications Department, Sun and Moon Data for One Day and his education and experience as a professional engineer. This opinion is not speculative, but rather serves a reasonably accurate conclusion derived from the sources referenced in Mr. Lamb's report which serves as a testimonial as to how motorists in general, observe road conditions and react to same. See *Polk County v. Sofka*, 803 So.2d 751 (Fla. 2d DCA 2001)(court properly admitted opinion of plaintiff's accident reconstruction expert that a driver, approaching the

intersection as plaintiff had done, would not be able to see the intersecting road until the driver was well past the point of no return). As an expert witness in accident reconstruction, including deficiency analysis for roadway design, construction and maintenance, Mr. Lamb is qualified to testify as to various factors associated with motorists and motor vehicle accidents, including how motorists observe and road conditions and signage.

Finally, Defendant urges this Court that opinion testimony of an expert, should be admissible with Plaintiffs' objection going to the weight of the evidence rather than to the admissibility. See Boucher v. U.S. Suzuki Motor Corp., 73 F.3d 18, 21 (2d Cir. 1996) ("Although expert testimony should be excluded if it is speculative or conjectural or based on assumptions that are so unrealistic and contradictory so as to suggest bad faith…other contentions that the assumptions are unfounded go to the weight, not the admissibility of the testimony.").

### 3. The Court should exclude any testimony or photographs regarding the absence of a Divided Highway sign on Alligator Boulevard on State Road 21 at the time of Mr. Lamb's scene inspection on March 31, 2009

Plaintiffs assert that Mr. Lamb should be precluded from offering testimony and photographs taken during his inspection of the accident scene, two years after the subject accident, regarding the fact that a Divided Highway sign was not present on Alligator Boulevard on State Road 21. In support of this motion in limine, Plaintiffs allege "contrary to what is shown in these photographs and what is cataloged in his Rule 26 Report [i.e. that a Divided Highway sign was **not** present], the evidence shows that FDOT designed and installed a DIVIDED HIGHWAY sign on the same post as the STOP sign for eastbound traffic on Alligator Boulevard at S.R. 21." The "evidence" Plaintiffs refer to is the Rule 26 report of their rebuttal expert, Jeffrey D. Armstrong, P.E. and specifically photographs taken from Google Earth which

allegedly bear a watermark of 2007. Plaintiffs allege that a date of 2007 for this photograph (as evidenced by the 2007 watermark), verifies its close proximity to the accident date and that since the accident happened in February of 2007, can reasonably be inferred that the sign was there at that time.

However, Plaintiffs' inference that a watermark of 2007 indicates that the sign was there at the time is faulty in two respects, since the photograph could have depicted the sign some time after the subject accident, when the subject accident could have the catalyst for placement of the sign or the photograph could have depicted the sign in January 2007, without consideration that the sign may have been removed prior to the subject accident.

Mr. Lamb's opinion that a DIVIDED HIGHWAY sign was not present at the time of the accident is confirmed by a local resident who has advised that a DIVIDED HIGHWAY sign was not present on the date of the subject accident. Mr. Lamb has previously filed an affidavit (Doc. 82) verifying his reliance on the resident's opinion that a DIVIDED HIGHWAY sign was not present on the date of the subject accident.

Mr. Lamb's opinion that a DIVIDED HIGHWAY sign was not present on the date of the subject accident is not speculation, but rather a verified opinion based on the account of a local resident who has advised of same. Plaintiffs' "evidence", consisting of a photograph with a non-specific date of 2007 that the DIVIDED HIGHWAY sign was present, is not sufficient to exclude Mr. Lamb's opinions and photographs regarding the lack of a DIVIDED HIGHWAY sign at the time of the subject accident.

### 4. The crash reports of other accidents in the vicinity of Alligator Boulevard should be excluded

In an attempt to exclude introduction of other "similar accidents", Plaintiffs allege that the Florida Traffic Crash Reports for other accidents both before and after the present accident are irrelevant and should be excluded based upon Federal Rules of Evidence 401, 402 and 403. However, Plaintiffs fail to recognize that evidence of similar accidents is admissible assuming two conditions are met. *Jones v. Otis Elevator Company*, 861 F.2d 655 (11th Cir. 1988). First, conditions substantially similar to occurrence in question must have caused prior accident and second, the prior accident must not have occurred too remote in time, an issue within the trial court's discretion. Other accident evidence is subject to the reasonable discretion of trial court as to whether prejudice or confusion of issues which may probably result from the admission of such evidence outweighs the probative value of the evidence. *Heath v. Suzuki Motor Corp.*, 126 F.3d 1391, 1396 (11th Cir. 1997). Given the Court's discretion to admit evidence of other similar accidents assuming the above referenced conditions are met, Defendant Landers requests individual inspection and a determination of admissibility for each "similar accident" it seeks to present as opposed to granting a blanket motion in limine precluding Defendant from offering evidence or referencing any similar accidents that have occurred at the accident site.

### 5. The Court should exclude any evidence pertaining to the injuries sustained by Defendant William J. Landers as being irrelevant

Plaintiffs contend that any testimony or other introduction of evidence regarding the injuries sustained by Defendant Landers in the subject accident are irrelevant, highly prejudicial and misleading to the jury. Plaintiffs specifically state that "[t]here is no issue regarding the injuries sustained by William J. Landers in the accident, except that he has no recall of the accident." Defendant Landers's inability to recall the events of the subject accident is grounds

for introducing the injures sustained by Defendant Landers into evidence as the jury is entitled to an explanation as to why Mr. Landers cannot recall the events surrounding the accident and accordingly, an explanation of why liability is at issue in this case.

In *Phillips v. Schoenberger*, 534 A.2d 1075 (Pa. 1987), the Court held that defendant driver in a head on collision was not entitled to explain to the jury the nature of his injuries which caused amnesia regarding the events of the accident since the parties had entered into a stipulation regarding the defendant driver's amnesia. In response to Plaintiff's Motion in Limine, the Court had originally agreed to limit testimony regarding the nature and extent of defendant's injuries, however upon the agreement of the parties to enter into a stipulation stating that due to the injuries sustained in the accident, the defendant was suffering from amnesia and could not recall the details of the accident, the Court precluded defendant from offering any testimony regarding the nature and extent of his injuries stating that the stipulation was adequate to explain his amnesia and this was the only relevant fact required by the jury.

In the present case, the parties have not entered into a stipulation regarding Mr. Landers' injuries and his subsequent inability to recall the events surrounding the accident. In the absence of such a stipulation, Defendant Landers is entitled to present evidence, including testimony regarding the nature and extent of injuries he sustained during the subject motor vehicle accident, so as to explain to the jury why he is unable to recall the events of the accident and in turn, why liability is at issue.

WHEREFORE Defendant William Landers, for the reasons described above, urges this Court to deny all of the relief requested in Plaintiffs' First Motion in Limine and any further

relief as this Court deems just and proper.

                                      MARKS GRAY, P.A.

                            By  _____
                                   Robert H. Sturgess, Esq.
                                   Meagan L. Logan, Esq.

                          Florida Bar Number 0869538
                          Florida Bar Number 0018062
                          Post Office Box 447
                          Jacksonville, FL 32201
                          (904) 398-0900 - Telephone
                          (904) 399-8440 – Facsimile
                          rsturgess@marksgray.com
                          mlogan@marksgray.com

                          Attorney for defendant
                          William J. Landers

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 17, 2009 I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send notice of electronic filing to Robert O. Stripling, Jr., Esquire, Post Office Box 1287, Gainesville, Florida 32602, Attorney for Plaintiffs.

_____
Attorney