**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

JAMES E. TOMLINSON, and
DARLENE TOMLINSON, his wife,
    Plaintiffs,

vs.                                                  CASE NO. 3:07-cv-1180-J-TEM

WILLIAM J. LANDERS,

    Defendant.
_____

## O R D E R

This matter is before the Court on Plaintiffs' *ore tenus* motion ("Motion") to permit a videographer, court reporter, or both, to attend Plaintiff James E. Tomlinson's Rule 35 compulsory physical examination (Doc. #111, Minutes) and the parties' memorandums of law regarding the same (Docs. #113 and #114).[1] For the reasons stated herein, the Motion shall be denied.

Rule 35 of the Federal Rules of Civil Procedure is silent as to who may attend a compulsory medical examination. Consequently, the issue is left to the Court's discretion. *Wheat v. Biesecker*, 125 F.R.D. 479, 480 (N.D. Ind. 1989) (citing *Dziwanoski v. Ocean Carriers Corp.*, 26 F.R.D. 595 (D. Md. 1960)).

Although some federal courts have permitted observers or recordings of Rule 35 examinations, the party seeking to have the observer present bears the burden of demonstrating good cause for the request under Rule 26(c), "as the presence of a third party is not typically necessary or proper." *Tarte v. United States*, 249 F.R.D. 856, 859

---

[1]This is a diversity action brought by Plaintiffs to recover damages allegedly resulting from Defendant's negligent operation of his automobile (Doc. #1, Complaint).

(S.D. Fla. 2008); *see also Schlunt v. Verizon Directories Sales-West, Inc.*, 2006 WL 1643727, at *4 (M.D. Fla. June 12, 2006) (citing *Wheat*, 125 F.R.D. at 480).[2]

The majority of federal courts have held that the presence of a third party or recording device "subvert[s] the purpose of Rule 35, which is to put both the plaintiff and defendant on an equal footing with regard to evaluating the plaintiff's [medical] status." *Favale v. Roman Catholic Diocese of Bridgeport*, 235 F.R.D. 553, 557 (D. Conn. 2006) (quoting *Duncan v. Upjohn Co.*, 155 F.R.D. 23, 26-27 (D. Conn. 1994)). The theory is as follows: because plaintiffs are able to be examined by their physicians in the absence of defense counsel, plaintiffs should not be permitted to record the Rule 35 examination unless they can show "special conditions are present which call for a protective order tailored to the specific problems presented." *Bethel v. Dixie Homecrafters*, Inc., 192 F.R.D. 320, 324 (N.D. Ga. 2000) (quoting *Tirado v. Erosa*, 158 F.R.D. 294, 299 (S.D.N.Y. 1994)); *see also Ali v. Wang Labs., Inc.*, 162 F.R.D. 165, 168 (M.D. Fla. 1995) (requiring demonstration of "special need").

In further support of the aforementioned rule, federal courts have noted that Rule 35 and the adversary process itself provide other safeguards for plaintiffs who submit to Rule 35 examinations. Specifically, plaintiffs receive a Rule 35 examination report and then have the opportunity to depose the examining physician, cross-examine the physician, and introduce contrary expert evidence. *See Barrett v. Great Hawaiian Cruises, Inc.*, 1997 WL 862762, at *2 (D. Haw. 1997). Additionally, should the examining physician improperly inquire, the plaintiff has the opportunity to seek to exclude such questioning from trial.

---

[2]Unpublished opinions are not considered binding authority; however, they may be cited as persuasive authority pursuant to the Eleventh Circuit Rules. 11th Cir. R. 36-2.

*Tarte,* 249 F.R.D. at 859.

Plaintiffs, however, want the Court to apply Florida state case law, which provides that a party to a law suit may have a third party present during a compulsory medical examination (Doc. #114 at 2-3). *See Cimino v. U.S. Security Ins. Co.*, 715 So.2d 1092, 1093 (Fla. 1st DCA 1998). Plaintiffs rely upon *Gensbauer v. May Dept. Stores Co.*, 184 F.R.D. 552 (E.D. Pa. 1999) in support of their position that the Court should apply Florida state procedural law in this instance.

In *Gensbauer*, although the court noted that rulings from other judges in the district had held that parties have no right to have third parties present during a Rule 35 examination, it nevertheless relied on a Pennsylvania state procedural rule, which explicitly provides that third parties may be present during such examinations. *Id.* at 553; Pa. R. Civ. P. 4010(4)(i) ("person to be examined shall have the right to have counsel or other representative present during the [compulsory] examination"). The *Gensbauer* court reasoned that, since the case was a diversity action, and the since the federal rule was silent on the issue, it would "look to Pennsylvania rules for guidance." *Id.*

Here, unlike the Pennsylvania state procedural rule (which explicitly provides that third parties may be present during a compulsory medical examination), the Florida state procedural rule (apart form allowing a parent or guarding to attend the examination if the subject is a minor) is silent on the issue. *See* Fla. R. Civ. P. 1.360. Although the Florida procedural rule is silent with respect to who may attend an adult's compulsory medical examination, Florida state courts have found, "it constitutes a departure form the essential requirements of law to preclude a party's attorney's presence at the examination absent a valid reason for denial. *Cimino*, 715 So.2d at1093; *see also Truesdale v. Landau*, 573

So.2d 429 (Fla. 5th DCA 1991) (order prohibiting the presence of a court reporter departs from the essential requirements of law where objecting party makes no showing that the independent examination could not be fairly performed in the court reporter's presence). Thus, in Florida, the burden is on the party opposing the presence of third persons at a compulsory medical examination to establish grounds for prohibiting the third party's presence. *Broyles v. Reilly*, 695 So.2d 832 (Fla. 2d DCA 1997).

As set forth above, the Florida standard begins with the premise that third parties should be allowed to attend such examinations and places the burden on the party opposing such attendance to show a valid reason for denial. This standard is contrary to the standard promulgated by federal courts that have addressed the issue of who may attend a Rule 35 examination. Under federal case law, the party seeking to have the observer present bears the burden of demonstrating "good cause" for the request under Rule 26(c) of the Federal Rules of Civil Procedure. *Schlunt*, 2006 WL 1643727 at *4.

Under the *Erie* doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). As not allowing a third party to attend a compulsory medical examination would not likely result in forum shopping or in the inequitable administration of justice, the undersigned finds the instant discovery related dispute should be governed by federal case law. *See Lundgren v. McDaniel*, 814 F.2d 600, 606 (11th Cir. 1987). Moreover, even though the determination of this issue is within the Court's discretion, since Florida's burden of persuasion with respect to who may attend a compulsory medical examination is at odds with the federal burden of persuasion, *supra*, the Court declines to apply Florida state procedural case law in this instance. Consequently, Plaintiffs have the burden of establishing good cause for

4

the presence of a third-party observer.

Under Rule 26(c), the Court has the capacity to order conditions on the compulsory medical exam if it believes such conditions are required to protect a party from annoyance, embarrassment, oppression, or undue burden or expense. Fed. R. Civ. P. 26(c). The majority of federal courts, however, have held that attorneys, court reporters, and recording devices are distractions that may compromise the accuracy of the examination and turn a neutral examination into an adversarial event. *See e.g. Bethel*, 192 F.R.D. at 324.

Since Plaintiffs have neither come forward with evidence that Defendant's medical expert will not conduct a fair examination, nor come forward with any other evidence that would justify issuance of a protective order under Rule 26(c), the Court shall deny Plaintiffs' *ore tenus* motion.

Based upon the foregoing, it is hereby **ORDERED**:

Plaintiffs' *ore tenus* motion to permit a videographer, court reporter, or both, to attend Plaintiff James E. Tomlinson's Rule 35 compulsory physical examination (Doc. #111, Minutes) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida this 12th day of August, 2009.

Copies to all counsel of record

*Thomas E. Morris*
THOMAS E. MORRIS
United States Magistrate Judge