**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

JAMES E. TOMLINSON, and
DARLENE TOMLINSON, his wife,
    Plaintiffs,

vs.                                                 CASE NO. 3:07-cv-1180-J-TEM

WILLIAM J. LANDERS,

    Defendant.
_____/

**O R D E R**

This matter is before the Court on Plaintiffs' Rule 37 Motion to Compel Discovery of Defense Compulsory Medical Examination ("CME") Expert, and Rule 26(b)(4)(C) Motion to Set Reasonable Expert Witness Fee and Method of Paying CME Expert Fee (Doc. #115, Motion) and Defendant's response thereto (Doc. #117). For the reasons stated herein, the Motion shall be granted in part and denied in part.

First, Plaintiffs seek an order compelling Defendant's expert witness, Dr. John Von Thron, to comply with the Court's Sixth Amended Case Management and Scheduling Order (Doc. #112), which provides that Dr. Von Thron's expert report is due on or before August 28, 2009 and that he is to be deposed on or before September 11, 2009 (*see* Doc. #112 at 1-2). Apparently, Dr. Von Thron has indicated that, prior to the September 11, 2009 deposition deadline, he is only available for deposition on August 25, 2009, and that he cannot guarantee he will have an expert report completed prior to that date (Doc. #115 at 3). Plaintiffs bring the instant motion so they will have enough time to review Dr. Von

1

Thron's expert report prior to any deposition taking place (Doc. #115 at 2, 4-5). For obvious reasons, Plaintiffs desire that Dr. Von Thron not be deposed prior to having the benefit of reviewing his expert report.

In the response (Doc. #117), counsel for Defendant proposes a brief extension of the deadlines contained within the Sixth Amended Case Management and Scheduling Order to accommodate both the interests of the parties and Dr. Von Thron's schedule. Defendant maintains that Dr. Von Thron would be available for deposition on September 15, 2009 (Doc. #117 at 3). Since a brief extension of the deadline to depose Dr. Von Thron would seem to resolve many of the issues raised in Plaintiffs' Motion, the Court finds a brief extension is in order. Consequently, this will naturally necessitate a brief extension of the remaining deadlines contained within the Sixth Amended Case Management and Scheduling Order. Thus, the following **Seventh Amended Case Management and Scheduling Order** shall govern the remaining litigation:

(a) Plaintiff James E. Tomlinson shall appear for a compulsory medical examination by **August 17, 2009**;

(b) William Landers, Jr., shall be deposed with respect to the signage issue by **August 26, 2009**;

(c) Defendant shall produce the rebuttal examining medical expert witness report to Plaintiffs on or before **August 28, 2009**;

(d) Said examining medical expert witness shall be deposed on or before **September 15, 2009**;

2

(e) Plaintiffs' *sur* rebuttal expert report regarding said examining medical expert witness shall be produced to Defendant on or before **October 5, 2009**;

(f) Plaintiffs' *sur* rebuttal medical expert witness shall be deposed on or before **October 12, 2009**;

(g) The additional discovery is this matter is limited solely to the matters mentioned above;

(h) **A telephonic final pretrial conference will be held on, Wednesday, October 7, 2009, at 10:00 a.m. Counsel for Defendant shall make appropriate arrangements to have counsel for Plaintiffs on the conference call prior to calling the Court's conference call number (904) 301-6815**;

(i) The **Jury Trial** shall begin at **9:30 a.m. on November 3, 2009**.

Second, Plaintiffs request that the Court set a reasonable expert witness deposition fee and method of paying Dr. Von Thron (Doc. #115 at 4-5).

Rule 26(b)(4)(c) states: "the court shall require that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery." In determining a reasonable fee, "the ultimate goal must be to calibrate [a] balance" so that a party will not be unduly hampered in his or her efforts to attract a competent expert, while at the same time, an inquiring party will "not be unfairly burdened by excessive ransoms which produce windfalls" for the other party's expert. *Anthony v. Abbott Laboratories*, 106 F.R.D. 461, 465 (D.R.I. 1985).

To strike this balance and determine a reasonable fee, courts have generally considered six to eight factors, including: (1) the witness's area of expertise; (2) the education and training that is required to provide the expert insight sought; (3) the prevailing rates for other comparably respected available experts; (4) the nature, quality and complexity of the discovery sought; (5) the cost of living in the particular geographic area; (6) the fee being charged by the expert to the retaining party; (7) the fee traditionally charged by the expert on related matters; and (8) any other factor likely to be of assistance to the court in balancing the parties' respective interests. *Coleman v. Dydula*, 190 F.R.D. 320, 324 (W.D.N.Y 1999); *see also Hose v. Chicago & N. W. Transp. Co.*, 154 F.R.D. 222 (S.D. Iowa 1994).

Neither party has presented information to the Court with respect to: Dr. Von Thron's area of expertise, education, and training; prevailing rates for other comparably respected available experts; or the fee traditionally charged by Dr. Von Thron on related matters (*see* Docs. #115 and #117). The Court is aware, however, that Dr. Von Thron is an orthopedic surgeon, who has been retained by Defendant to perform a compulsory medical examination upon Plaintiff James E. Tomlinson, and that he charges $1,150 for one hour of audio-recorded deposition testimony and $2,300 if said deposition testimony is to be videotaped (Doc. #115 at 3; Doc. #117 at 3). In addition, the Court is aware Dr. Von Thron requires pre-payment of the aforementioned fee(s), which are non-refundable (Doc. #115 at 3).

While not specifically finding Dr. Von Thron's fee of $1,150 for one hour of deposition testimony reasonable, the Court would note that, based on the record, it does find Dr. Von Thron's doubling of said fee to $2,300 for a videotaped deposition versus an audio-

4

recorded deposition unreasonable.[1] This is particularly so in light of the fact Rule 30 of the Federal Rules of Civil Procedure provides that, "unless the court orders otherwise, testimony may be recorded by audio, audiovisual, or stenographic means," with the noticing party bearing the recording costs. Fed. R. Civ. P. 30(b)(3)(A). Accordingly, counsel for Defendant shall confer with Dr. Von Thron in an attempt to persuade him, based upon the Court's ruling, to lower the amount he will charge Plaintiffs should they chose to videotape his deposition.

This Court is mindful of the rising costs of expert services and the potential for such costs to drive strategy and gamesmanship among parties, as well as become prohibitive to a "just, speedy and inexpensive resolution of civil disputes." 28 U.S.C. § 471. The Court agrees with the court in *Hose* that a vigilant, independent review of expert fees is "an important beginning and vitally significant component" of providing the justice contemplated by 28 U.S.C. § 471 and our judicial system. *Hose*, 154 F.R.D. at 228.

Thus, after careful consideration, it is hereby **ORDERED**:

1. Plaintiffs' Rule 37 Motion to Compel Discovery of Defense Compulsory Medical Examination ("CME") Expert, and Rule 26(b)(4)(C) Motion to Set Reasonable Expert Witness Fee and Method of Paying CME Expert Fee (Doc. #115) is **GRANTED in part and DENIED in part**.

---

[1] The Court does not have enough information to make an informed decision with respect to the reasonableness of either Dr. Von Thron's $1,150 fee for one hour of deposition testimony or his non-refundable pre-payment requirement.

2. The Court finds Dr. Von Thron's doubling of his one hour deposition testimony fee from $1,150 to $2,300 for a videotaped deposition versus an audio-recorded deposition is unreasonable.

3. Defendant shall confer with Dr. Von Thron in an attempt to persuade him, based upon the Court's ruling, to lower the amount he will charge Plaintiffs should they chose to videotape his deposition.

4. The Motion is otherwise **DENIED without prejudice**.

**DONE AND ORDERED** at Jacksonville, Florida this  14th  day of August, 2009.

Copies to all counsel of record

**THOMAS E. MORRIS**
United States Magistrate Judge